The application of the plaintiffs for an injunction was based upon an affidavit stating that they were merchants in the town of Goldsboro, and were dealing in a general variety of groceries, including fresh beef; that the defendant commissioners had adopted a town ordinance forbidding the sale of fresh meat except under certain restrictions, to the injury of plaintiffs; that they were arrested and fined for a violation of (3) said ordinance, and were compelled to suspend their business. Thereupon his Honor adjudged that the clerk of the court issue an injunction restraining the defendants from interfering with the business of the plaintiffs, upon their giving bond for such costs and damages as may be awarded against them upon the final hearing, if the court should decide that they were not entitled to the relief demanded. From this judgment the defendants appealed.
If the defendants have an unlawful ordinance, and have arrested and fined the plaintiffs, as they allege, the plaintiffs have complete redress in an action for damages; and as often as the arrest may be repeated, they have the like rdress [redress]. But we are aware of no principle or precedent for the interposition of a court of equity in such cases.
The injunction is dissolved and the case dismissed.
PER CURIAM. Reversed. *Page 19 
 Cited: Wardens v. Washington, 109 N.C. 22; Scott v. Comrs., 121 N.C. 95;Vickers v. Durham, 132 N.C. 890; Paul v. Washington, 134 N.C. 368,385; Hargett v. Bell, ib., 395; S. v. R. R., 145 N.C. 521; Crawford v.Marion, 154 N.C. 74.
(4)